SEWARD D. ALLEN *vs.* DULUTH GAS & WATER COMPANY.

June 8, 1891.

**City Ordinance Fixing Maximum Water-Rates Construed.**—That part of an ordinance of a municipal corporation wherein was fixed the maximum rates or charges to be made to the consumers of water furnished by a corporation organized for that purpose, construed.

**Same—Tariff for Residences—Use of Water for Bath-tubs, etc.**—In the schedule of rates or charges a certain maximum tariff was fixed for a "residence occupied by one family for domestic purposes, one to five rooms," and also the tariff for each additional room. The tariff for a "bath, with heating apparatus, private," for "water-closets," and for "water-basins," was also specified. Hot-water heaters, used for warming the house, were not mentioned, but it was provided that special rates should be made for supplies not enumerated. *Held*, that the tariff fixed for private residences did not include or warrant the use of water for a bath-tub, for closets, for basins, or for a heater, in plaintiff's private residence.

Plaintiff having paid $10 water-rate for one quarter-year, brought this action in the municipal court of Duluth, to recover $7 of the amount paid, on the ground that that sum was illegally exacted under threat of shutting off the water from his house. He appeals from

an order refusing a new trial after a trial by the court, and judgment for 95 cents and costs ordered in his favor.

*S. D. Allen*, appellant, *pro se.*

*Draper, Davis & Hollister*, for respondent.

COLLINS, J.    Under the ordinance by which the rights of these parties are to be determined, the maximum tariff or charge for water furnished by defendant company to consumers was fixed and specified as to some 70 different uses or purposes, but for supplies not enumerated in the schedule special rates were to govern.    Among the items or purposes particularly mentioned, and for which annual rates were so fixed, were the following:

"Residence, occupied by one family for domestic purposes, one to five
    rooms   -       -       -       -       -       -       -       -       - $9 00
 Residence, each additional room -       -       -       -       -       - 1 00
 Bath, with heating apparatus, private   -       -       -       -       - 5 00
 Water-closets, self-closing   -       -       -       -       - $3.00 to 6 00
 Water-basins   -       -       -       -       -       -       -       - 4 00"

The plaintiff's residence contained eight rooms, and was fitted up with two sinks, with stationary wash-tubs, and with the usual number of pipes and faucets.    All of the rooms and halls were heated by means of a circulation of hot water through pipes and radiators. There were two self-closing water-closets and two water-basins.    The defendant demanded and compelled the plaintiff to pay at the rate of $40 per annum, itemized thus:    Residence, $12; bath, $5; for each water-closet, $5; for each basin, $4; and for the heating apparatus, a hot-water heater, $5.    These charges were sustained by the court below as permissible under the ordinance, except as to the charge for the heater, which was reduced to $1.18 per year.    The only question is, what sum per annum is the defendant entitled to collect for the use of water in plaintiff's eight-roomed residence, fitted up, as it is, with water-closets, water-basins, bath, and hot-water heater?    The plaintiff contends that the entire charge is covered by that part of the schedule which specifies the rate for residences, while the defendant company insists that it is entitled to the amounts fixed as the tariff for closets, basins, and baths in addition, and, as a heater is not specifically mentioned, to reasonable compensation for the use of water in it.

We do not think there should be a great amount of discussion over the proper construction of this schedule of rates, as set forth in the ordinance. The intention of the parties—the municipal authorities on the one side and the defendant company on the other—is to be gathered from a consideration of the whole, each part being so construed with the others that all of them may, if possible, have effect. It must be taken for granted that rates were fixed with reference to the amount of water which it was supposed would be consumed, a greater charge being made for an eight than for a five roomed residence; much more for a tenement or boarding than for a private house. It is also fair to presume that if the occupant of a private house chose to fit it up with articles which but a few years since were real luxuries, now denominated "modern conveniences," thereby greatly increasing the consumption of water, it was the intention to compel him to pay somewhat more than his neighbor who went without. Graduated tariffs ought to be expected, fixed upon the principle that he who uses the most water must pay the greatest sum for such use. Rates were specified for stores, shops, offices, banks, and every variety of building or establishment, as they were for private residences, and in which various appendages are as useful and convenient as they are in plaintiff's dwelling. If he is right in his contention that sufficient water for their consumption was included in the tariff specified for a residence, we fail to see why the same line of argument will not apply to closets, basins, bath-tubs, and heaters used in every variety of building mentioned in the ordinance. If this were so, the defendant would have considerable difficulty in determining what was meant when a rate was mentioned for either of those articles. Again, if the plaintiff's interpretation of the schedule be correct, he would have the use of water for the ordinary domestic purposes, culinary, drinking, cleaning, washing, and the like, for an annual rate of $12, and in addition thereto be warranted in consuming it for a bath, for closets, for basins, and for a heater, the tariff to other persons and at other places being $24.18 per year for the same purposes. It would follow also that its use in the house would not be limited to the number of those appendages which he now has. Additional bath-tubs, closets, and

basins might be put in. For illustration, a basin, a bath, and a closet for every sleeping apartment, and possibly for some other rooms, might not be regarded as extravagant, and, if put in, the consumption of water would be doubled or trebled in all probability. Other conveniences, not uncommon in the modern dwelling, and provided for in the tariff sheet, might be added, all of which would, in plaintiff's estimation, be within the rate fixed for a private residence. Such a construction of the ordinance would lead to absurd results, and cannot be tolerated. Fairly construing it, the intention is easily perceived, and was that adopted by the court below.

Order affirmed.